IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BRENDA QUIRIT, ETC., ET AL., | ) | CIVIL NO. 06-00202 JMS-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| VORNADO AIR CIRCULATION SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING THIRD PARTY PLAINTIFF'S
MOTION FOR RELIEF FROM SCHEDULING ORDER AND FOR
LEAVE TO FILE SECOND AMENDED THIRD PARTY COMPLAINT**

Before the Court is Defendant/Third Party Plaintiff Vornado Air Circulation Systems, Incorporated's ("Vornado") Motion for Relief from Scheduling Order and for Leave to File Second Amended Third Party Complaint ("Motion"), filed on October 2, 2007.  Plaintiffs Brenda Quirit, individually and as Personal Representative of the Estate of Marika Akesa Melelina Quirit, and Fuavasa "Phillip" Quirit, Sr. (collectively "Plaintiffs") filed their memorandum in opposition on October 12, 2007 and Vornado filed its reply on October 19, 2007.[1]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`I ("Local

---

[1] Third Party Defendants A.O. Smith Corporation and Unicable, Inc. filed statements of no position on October 15, 2007.

Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Vornado's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On August 29, 2004, a fire occurred at a family dwelling in Kaneohe, Hawai`I. Linda Huihui owned the property and Brenda Quirit, Fuavasa "Phillip" Quirit, Sr., and their daughter Marika Quirit also occupied the premises. Marika Quirit died as a result of the fire.

On March 24, 2006, Plaintiffs filed the instant action against Vornado in state court. Plaintiffs allege that Vornado manufactured a defective fan, which caused the fire that resulted in Marika's death.[2] The Complaint alleges claims for strict liability, negligence, and breaches of express and implied warranties. Vornado removed the case to federal court on April 17, 2006.

On October 11, 2006, this Court granted Vornado's Motion for Leave to File Third Party Complaint. On October 17,

---

[2] Hawaiian Insurance and Guaranty Company, Limited ("HIG"), Ms. Huihui's insurer, filed a separate action against Vornado in state court ("HIG Action"), alleging that HIG was entitled to recover damages for a claim it paid to Ms. Huihui in connection with the fire because the fire was caused by a defective Vornado fan. The HIG Action was subsequently removed to federal court. See Schmidt, et al. v. Vornado Air Circ. Sys., Inc., CV 07-00098 SOM-LEK.

2006, Vornado filed its Third Party Complaint against Third Party Defendants A.O. Smith Electrical Products Company, A.O. Smith Corporation, and UPPCO Corporation.  On December 18, 2006, pursuant to a stipulation by the parties, Vornado filed its Amended Third Party Complaint, adding Third Party Defendants Electri-Cord Manufacturing Company ("Electri-cord Manufacturing"), Unicable, Inc., and Victor Corporation.[3]  The Third Party Defendants are allegedly the manufacturers of the defective fan parts.

According to the May 23, 2007 Amended Rule 16 Scheduling Order, the deadline to add parties and amend pleadings was August 16, 2007.  Trial is currently set for March 18, 2008.  The dispositive motions deadline was October 17, 2007 and the discovery cutoff is January 18, 2008.

In the instant Motion, Vornado seeks to add Pacific Electricord Company ("Pacific Electricord") and Leviton Manufacturing Company, Inc. ("Leviton") as third party defendants.  Vornado states that the parties conducted two inspections on the fan and other debris from the fire on June 21, 2007 and August 28-29, 2007.  On August 29, 2007, Electri-cord

---

[3] On June 21, 2007, the parties stipulated to dismiss all claims against Third Party Defendants A.O. Smith Electrical Products Company and UPPCO Corporation without prejudice.  On October 17, 2007, the parties stipulated to dismiss all claims against Third Party Defendant A.O. Smith Corporation without prejudice.

Manufacturing asked Vornado to search its batch documents for the address of the company that supplied the electrical cords for Vornado fans.  Electri-cord Manufacturing, which is located in Pennsylvania, suggested that it may not have been the company which provided the electrical cord and relief strains at issue in this case.  It also stated that there are several companies which use the name "Electricord".  Vornado found a purchase order which gave a Gardenia, California address for its supplier.  On September 28, 2007, Electri-cord Manufacturing sent Vornado correspondence stating that the Gardenia supplier was not one of Electri-cord Manufacturing's companies.  Further investigation indicates that the supplier may actually be Pacific Electricord, which is apparently a subsidiary of Leviton.

Vornado argues that there is good cause to amend the scheduling order to allow it to amend its Third Party Complaint. The subject fan sustained such extensive fire damage that the parties could not identify the manufacturers of the component parts upon visual inspection.  Vornado's batch documents and invoices indicated that "Electricord" was one of their suppliers of cords and strain reliefs during the time period at issue. With this information, Vornado identified Electri-cord Manufacturing, which is located in Pennsylvania but has a corporate office in California.  Vornado argues that it "had no reason to believe that Electri-cord Manufacturing Company

identified and served with the Amended Third-Party Complaint may not be the Electricord company which supplied the cord and relief strains until the issue was raised by counsel for Electri-cord [Manufacturing] on August 29, 2007[.]"  [Mem. in Supp. of Motion at 7.]  Vornado is still conducting discovery to determine the identity of the actual supplier, but Vornado brought the instant Motion as soon as possible after it learned that Pacific Electricord may be the supplier.

Vornado also argues that leave to amend should be granted under Federal Rule of Civil Procedure 15(a).  Vornado states that it did not bring the Motion to delay the case or for any other improper purpose.  It filed the Motion soon after recent developments caused it to believe that it may have named the wrong supplier.  Vornado acknowledges that it previously had an opportunity to amend its Third Party Complaint, but Vornado argues that "this amendment was necessitated by a second causation theory being posited by the Quirit Plaintiffs, which for the first time, suggested a defect in the electrical cord as opposed to the motor as suggested by experts for Plaintiff J.P. Schmidt and [HIG]."  [Id. at 9.]

Vornado argues that Plaintiffs will not be prejudiced if the Court grants the Motion.  Plaintiffs' expert reports, submitted on September 17, 2007, set forth their theory that the electrical cord in the subject fan was the component that

malfunctioned. Vornado states that it will make every effort to expeditiously serve Pacific Electricord and Leviton. Vornado argues that there would be no need to continue the trial date because the parties have not conducted depositions of their experts and the discovery deadline is not until January 18, 2008.

Finally, Vornado argues that the case cannot be tried on the merits without including the manufacturer of the allegedly defective part which caused the fire.

In their memorandum in opposition, Plaintiffs stress that the case was originally filed in March 2006 and that in June 2006, the parties agreed that they would be ready to go to trial by April 2007. Trial was then set for June 19, 2007. Before Vornado filed its original Third Party Complaint, Plaintiffs voluntarily informed Vornado that it did not appear that the motor caused the fire. Vornado, however, named the manufacturer of the motor in the original Third Party Complaint. Vornado amended its Third Party Complaint on December 18, 2006 to add the manufacturers of the cord and strain relief. The June 2007 trial date had to be continued because of that filing. Vornado apparently still did not name the correct parties.

Plaintiffs argue that Vornado knew since May 2007 that the deadline to amend pleadings was August 16, 2007, but took it no action. Plaintiffs assert that Vornado was lax in its research and investigation. Although it was on notice for more

than a year that the cord failed at the point where it passed through the strain relief, Vornado failed to determine who supplied the cord and strain relief at issue. Plaintiffs stress that Vornado's own purchase orders establish that Pacific Electricord was the supplier. Vornado could have discovered this information if it had done a thorough investigation the first time around. Plaintiffs contend that Vornado cannot establish good cause or exceptional circumstances to justify amending the scheduling order because Vornado has already amended its Third Party Complaint and its carelessness and lack of diligence prompted the instant Motion.

Plaintiffs argue that, if the Court grants the Motion, they will be prejudiced because a trial continuance is inevitable. The parties have conducted extensive discovery, including **destructive** testing of fire and fan debris. By November 1, both Plaintiffs and Vornado will have submitted their expert reports. The addition of new parties will result in expensive, time-consuming, and duplicative discovery, as well as additional motions practice. Plaintiffs have already waited too long to resolve their claims. They argue that the prejudice is particularly extreme in light of the prior trial continuances, including a continuance to add the wrong cord manufacturer, and the additional cost of duplicative discovery. Plaintiffs note that courts routinely deny leave to amend where it would delay

the trial.

Finally, Plaintiffs assert that denying the Motion will not prejudice Vornado because it can seek contribution from Pacific Electricord in a separate action if Plaintiffs prevail against Vornado in the instant case.  This is the most efficient course of action because the parties in the instant case have completed the bulk of the scientific testing and are almost ready for trial.

In its reply, Vornado argues that it has been diligent. Electri-cord Manufacturing did not disclose that it may not have been the manufacturer of the subject cord until after the deadline to add parties and amend pleadings.  Vornado took immediate action after this disclosure.

Vornado disagrees with Plaintiffs' assertion that a trial continuance is virtually guaranteed and argues that delay of the trial date is not a factor in determining whether there is good cause to amend a scheduling order.  Vornado also notes that the possibility of a trial continuance would have existed even if it had filed the instant Motion before the deadline to amend pleadings.  In addition, Vornado disagrees with Plaintiffs' claim that they will incur additional costs because of discovery conducted by the new parties.  Vornado asserts that the new parties can view the videotape of the testing on the fan debris and can review the transcripts of the depositions that have

already taken place.  According to Vornado, there is no reason to believe that the addition of Pacific Electricord and Leviton will require additional depositions.

Finally, Vornado argues that, if it is required to file a contribution action against Pacific Electricord, it would prolong Plaintiffs' ordeal because they will be forced to testify in two different lawsuits.

## **DISCUSSION**

Vornado filed the instant Motion after the August 16, 2007 deadline to add parties and amend pleadings.  Vornado must therefore obtain an amendment of this Court's scheduling order.  A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge."  Fed. R. Civ. P. 16(b).  If Vornado establishes good cause, it must then establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).

The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if

it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Vornado argues that it had no reason to believe that Electri-cord Manufacturing was not the supplier of the cord and relief strains at issue until August 29, 2007, when Electri-cord Manufacturing suggested that it may not be the supplier.  Vornado then searched its purchase orders and found that its "Electricord" supplier had a Gardenia, California address.  Electri-cord Manufacturing informed Vornado that it was not affiliated with the Gardenia supplier.  Vornado conducted further investigation and determined that the supplier may be Pacific Electricord.  Vornado claims that it has been diligent in its efforts to identify the proper third party defendants.

Even though there may be many entities with "Electricord" in their names, Vornado easily could used the Gardenia address in its records to confirm whether Electri-cord Manufacturing was the "Electricord" company which supplied cords and relief strains during the period in question.  Vornado offers no explanation why it did not do so earlier in this litigation.  Although Electri-cord Manufacturing itself did not expressly deny that it was the supplier until recently, as the third party plaintiff, it is Vornado's burden to diligently prosecute the third party claim.  Further, the information which Vornado

ultimately used to identify Pacific Electricord has been in Vornado's possession throughout this litigation.  This Court therefore finds that Vornado was not diligent in identifying the supplier of the cord and relief strains at issue.

Although this Court can deny the Motion based on Vornado's lack of diligence alone, the Court will also address the prejudice to Plaintiff.  See Johnson, 975 F.2d at 609 (stating that prejudice to the non-moving party may serve as an additional reason to deny a motion to amend a scheduling order, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent).  This Court agrees with Plaintiffs that allowing Vornado to amend its Third Party Complaint will delay the case.  Trial is less than five months away, there is less than three months of discovery remaining, and the dispositive motions deadline has passed.  Any new parties would need to familiarize themselves with the case and have the opportunity to conduct discovery and file dispositive motions, particularly in light of the fact that Vornado is still conducting discovery to determine if Pacific Electricord is the actual supplier.  Although Plaintiffs have not alleged that there is any time-sensitive evidence that will be lost or witnesses who will be unavailable if the trial is continued, Plaintiffs will be prejudiced by the delay in the case.  Plaintiffs undoubtedly have an interest in

the timely resolution of the claims arising out of Marika's tragic death.

Further, Vornado will not be prejudiced if the Court denies the Motion.  Insofar as Plaintiffs never asserted a cross-claim against Electri-cord Manufacturing, or any of the other third party defendants, the only claim at issue against the third party defendants is Vornado's right of contribution.  Vornado is still free to argue at trial that the manufacturer of the cord and relief strain was negligent.  If Vornado is found to be liable to Plaintiffs, Vornado can pursue its right of contribution against the manufacturer of the cord and strain reliefs in a separate action.  This Court therefore finds that Vornado has not established good cause to amend this Court's scheduling order.

## CONCLUSION

On the basis of the foregoing, Vornado's Motion for Relief from Scheduling Order and for Leave to File Second Amended Third Party Complaint, filed on October 2, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, October 31, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BRENDA QUIRIT, ETC, ET AL. V. VORNADO AIR CIRCULATION SYSTEMS, INC.;** CIVIL NO. 06-00202 JMS-LEK; ORDER DENYING THIRD PARTY PLAINTIFF'S MOTION FOR RELIEF FROM SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED THIRD PARTY COMPLAINT